THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES COPPAGE,                          *

   Plaintiff,                    *

  v.                                 *  Civil Action No.:

U.S. STEEL CORPORATION, *et al.*,       *

   Defendants.                    *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

NOW COME Defendants Union Oil Company of California and Ashland, LLC, by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 hereby file this Notice of Removal of this action from the Circuit Court for Baltimore City, Maryland, in which it is now pending, to the United States District Court for the District of Maryland, on the following grounds:

1. Defendants have been sued in a lawsuit filed in the Circuit Court for Baltimore City, Maryland, captioned as *James Coppage v. U.S. Steel Corporation.*, Case No. 24-C-18-005920. A copy of Plaintiff's First Amended Complaint is attached hereto as Exhibit 1.

2. Defendants hereby remove this case to this Court.

3. The amount in controversy in this matter exceeds the $75,000 jurisdictional threshold set forth in 28 U.S.C. § 1332(a).

4. Plaintiff's claims arise out of his allegation that he contracted Myelodysplastic Syndrome as a result of his alleged exposure to Defendants' alleged benzene-containing products.

1

5.    As to his claim for Fraudulent Misrepresentation (Count V), Plaintiff seeks judgment in this matter "in an amount that exceeds jurisdictional limits of all lower courts which would otherwise have jurisdiction." Ex. 1 at 49.  It cannot be said that Plaintiff is seeking less than $75,000 in this matter.

6.    Accordingly, Plaintiff avers that the amount in controversy this matter exceeds the jurisdictional minimum sufficient to confer diversity jurisdiction upon this matter pursuant to 28 U.S.C. § 1332(a).

7.    Additionally, there is complete diversity between Plaintiff and all appropriate Defendants.

8.    Upon information and belief, Plaintiff is an individual who is domiciled in Baltimore County, Maryland.  Accordingly, Plaintiff is a citizen of the State of Maryland for purposes of diversity jurisdiction.

9.    At the time of the commencement of this lawsuit, and since that time, Defendant United States Steel Corporation is a corporation incorporated in the State of Delaware, with its principal place of business in the State of Pennsylvania.  Accordingly, Defendant United States Steel Corporation is a citizen of the States of Delaware and Pennsylvania for purposes of diversity jurisdiction.

10.    At the time of the commencement of this lawsuit, and since that time, Defendant BASF Corporation is a corporation incorporated in the State of Delaware, with its principal place of business in the State of New Jersey.  Accordingly, Defendant BASF Corporation is a citizen of the States of Delaware and New Jersey for purposes of diversity jurisdiction.

11.    At the time of the commencement of this lawsuit, and since that time, Defendant Rycoline Products, Inc. is a corporation incorporated in the State of Delaware, with its principal

place of business in the State of Illinois. Accordingly, Defendant Rycoline Products, Inc. is a citizen of the States of Delaware and Illinois for purposes of diversity jurisdiction.

12. At the time of the commencement of this lawsuit, and since that time, Defendant Sun Chemical Corporation is a corporation incorporated in the State of Delaware, with its principal place of business in the State of New Jersey. Accordingly, Defendant Sun Chemical Corporation is a citizen of the States of Delaware and New Jersey for purposes of diversity jurisdiction.

13. At the time of the commencement of this lawsuit, and since that time, Defendant Varn International, Inc. is a corporation incorporated in the State of Delaware, with its principal place of business in the State of Ohio. Accordingly, Defendant Varn International, Inc. is a citizen of the States of Delaware and Ohio for purposes of diversity jurisdiction.

14. Upon information and belief, at the time of the commencement of this lawsuit, and since that time, Defendant Handschy Industries, LLC is a Georgia limited liability company with no members that are citizens of the State of Maryland.

15. At the time of the commencement of this lawsuit, and since that time, Defendant Union Oil Company of California is a corporation incorporated in the State of Delaware, with its principal place of business in the State of California. Accordingly, Defendant Union Oil Company of California is a citizen of the States of Pennsylvania and California for purposes of diversity jurisdiction.

16. At the time of the commencement of this lawsuit, and since that time, Defendant Harcros Chemicals, Inc. is a corporation incorporated in the State of Delaware, with its principal place of business in the State of Kansas. Accordingly, Defendant Harcros Chemicals, Inc. is a citizen of the States of Delaware and Kansas for purposes of diversity jurisdiction.

17. Upon information and belief, at the time of the commencement of this lawsuit, and since that time, Defendant T.H. Agriculture and Nutrition, LLC is a Delaware limited liability company with no members that are citizens of the State of Maryland.

18. Upon information and belief, at the time of the commencement of this lawsuit, and since that time, Defendant Phillips North America, LLC is a Delaware limited liability company with no members that are citizens of the State of Maryland.

19. At the time of the commencement of this lawsuit, and since that time, Defendant EMCO Chemical Distributors, Inc. is a corporation incorporated in the State of Illinois, with its principal place of business in the State of Wisconsin. Accordingly, Defendant EMCO Chemical Distributors, Inc. is a citizen of the States of Illinois and Wisconsin for purposes of diversity jurisdiction.

20. At the time of the commencement of this lawsuit, and since that time, Defendant Shell Oil Company is a corporation incorporated in the State of Delaware, with its principal place of business in the State of Texas. Accordingly, Defendant Shell Oil Company is a citizen of the States of Delaware and Texas for purposes of diversity jurisdiction.

21. At the time of the commencement of this lawsuit, and since that time, Defendant Shell Oil Products US, Inc. is a corporation incorporated in the State of Delaware, with its principal place of business in the State of Texas. Accordingly, Defendant Shell Oil Products US, Inc. is a citizen of the States of Delaware and Texas for purposes of diversity jurisdiction.

22. Upon information and belief, at the time of the commencement of this lawsuit, and since that time, Defendant Graphic Packaging International, LLC is a Delaware limited liability company with no members that are citizens of the State of Maryland.

4

23.   At the time of the commencement of this lawsuit, and since that time, Defendant Fujifilm Hunt Chemicals USA, Inc. is a corporation incorporated in the State of Delaware, with its principal place of business in the State of New Jersey.  Accordingly, Defendant Fujifilm Hunt Chemicals USA, Inc. is a citizen of the States of Delaware and New Jersey for purposes of diversity jurisdiction.

24.   Upon information and belief, at the time of the commencement of this lawsuit, and since that time, Defendant Ashland, LLC is a Delaware limited liability company with no members that are citizens of the State of Maryland.

25.   At the time of the commencement of this lawsuit, and since that time, Defendant Flint Ink Corporation is a corporation incorporated in the State of Delaware, with its principal place of business in the State of Michigan.  Accordingly, Defendant Flint Ink Corporation is a citizen of the States of Delaware and Michigan for purposes of diversity jurisdiction.

26.   The citizenship of each of the foregoing Defendants is diverse from Plaintiff's citizenship.

27.   All Defendants that undersigned counsel understand to have been properly joined and served have consented to the removal of this action.

28.   Although Plaintiff has purportedly sued a Maryland corporation, JHB, Inc., that Defendant may be disregarded for purposes of determining diversity of citizenship.

29.   JHB, Inc. is a legal non-entity, having adopted Articles of Dissolution more than *twelve years ago*, on or before April 24, 2006.  Exhibit 2, JHB, Inc.'s Articles of Dissolution.

30.   Maryland's State Department of Assessments and Taxation records confirmed that JHB, Inc. has been dissolved and is no longer in good standing or otherwise qualified to do

business.  Exhibit 3, Maryland State Department of Assessments and Taxation Records as to JHB, Inc.

31.    Although it may be necessary, under certain circumstances, to consider the citizenship of a defunct corporate entity for purposes of diversity jurisdiction, those circumstances are not present where a corporation has been dissolved for well over a decade and is by no means in the process of winding up its corporate affairs.  The Fourth Circuit has explained that "A corporation's business does not usually end with the abruptness of closing its doors. Even when a corporation has ceased all operations and has become inactive, the continuing impact of its business in a given locale could linger on to an extent sufficient to give it a geographical identity there as its principal place of business." *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 291 (4th Cir. 1999).  Thus, it is appropriate to consider the citizenship of a defunct corporation for a reasonable time after the entity's dissolution, as the defunct entity will need to wind down its affairs.

32.    The Court should not consider the citizenship of JHB, Inc. under the circumstances of this case, where JHB, Inc. has been defunct for more than twelve years and there is no evidence at all that it is still in the process of winding down its business affairs.

33.    Given that JHB, Inc. was dissolved so long ago, it is apparent it has been fraudulently joined to this lawsuit.  As the Fourth Circuit has explained:

> "Fraudulent joinder" is a term of art, it does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or *in fact* no cause of action exists. In other words, a joinder is fraudulent if "there [is] no real intention to get a joint judgment, and . . . there [is] no colorable ground for so claiming."

*AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (quoting *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979)).  Under the fraudulent

joinder doctrine, this Court is permitted "to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citations omitted).

34.    Here, it is plain that Plaintiff has "no real intention" of obtaining a judgment against JHB, Inc. Even before its dissolution, JHB, Inc. had transferred "substantially all of its assets" to a Pennsylvania Corporation known as G.E. Richard Graphic Supplies Co., Inc. *See* Exhibit 4 at 1.

35.    Given that JHB, Inc. was sued as merely one of no fewer than eighteen defendants in this lawsuit, it is highly unlikely that Plaintiff genuinely intends to obtain a judgment against a long-defunct corporation that sold off its assets seventeen years ago.

36.    Moreover, JHB, Inc. does not appear to even be liable for Plaintiff's claims. Under Maryland corporate law, although the trustees of a defunct corporation may be sued following the dissolution of the corporate entity, "trustees are only vested with such powers as are 'necessary or proper to liquidate the corporation and wind up its affairs.'" *Djourabchi v. Self*, 240 F.R.D. 5, 9 (D.D.C. 2006) (quoting *Patten v. Bd. of Liquor License Comm'rs*, 107 Md. App. 224, 667 A.2d 940, 945 (1995)). Apart from claims related to the winding up of a defunct corporation's affairs, the corporation cannot sue or be sued, and does not have any continuing legal existence. *See id.* at 10. In determining whether claims against a defunct corporation constitute "a legitimate 'winding up' activity," "[t]he length of time between the [corporate] forfeiture and the action at issue is one factor courts may consider." *Id.*

37.    Here, Plaintiff's claims come over twelve years after JHB, Inc. was dissolved. This extreme length of time indicates that Plaintiff's claims are not part of any legitimate

"winding up" activity. Accordingly, Plaintiff's claims are not legally viable against JHB, Inc., and that entity should never have been joined to this lawsuit to begin with.

38.    Because, therefore, JHB, Inc. was fraudulently joined, JHB, Inc. should be dismissed from this matter. And because the remaining Defendants are all diverse from Plaintiff's citizenship, this action may therefore be removed to this Court on the grounds of diversity of citizenship, pursuant to Title 28 U.S.C. §§ 1332, 1441 and 1446.

39.    Attached hereto as Exhibit 5 is a copy of all pleadings available to Defendants which have been filed in the Circuit Court for Baltimore City in connection with the State Court matter, *James Coppage v. U.S. Steel Corporation.*, Case No. 24-C-18-005920, including all pleadings that have been served upon Defendants Union Oil Company of California and Ashland, LLC.

WHEREFORE, Defendants Union Oil Company of California and Ashland, LLC respectfully request that this action be removed to the United States District Court for the District of Maryland; and that no further proceedings be had in the said Circuit Court for Baltimore City, Maryland.

Respectfully submitted,

_____/s/_____

Stephen S. McCloskey, Esq. (Fed. Bar No. 04640)
Paul N. Farquharson, Esq. (Fed. Bar No. 06514)
Matthew J. McCloskey, Esq. (Fed. Bar No. 20097)
Semmes, Bowen & Semmes
25 South Charles Street, Suite 1400
Baltimore, Maryland 21201
(410) 576-4842
smccloskey@semmes.com

**Counsel for Union Oil Company of California and Ashland, LLC**

8

Andrew Fishkin, Esquire
Fishkin Lucks LLP
One Riverfront Plaza, Suite 410
Newark, NJ 07102
T: (973) 679-4429
 afishkin@fishkinlucks.com
***Pro Hac Vice* to Be Filed for
Union Oil Company of California
and Ashland, LLC**

## CERTIFICATE OF SERVICE AND NOTICE TO PARTIES

I HEREBY CERTIFY that on this 11th day of December, 2018, a copy of the foregoing Notice of Removal was sent via first-class mail, postage prepaid, and/or via electronic mail to the following or their agents:

Melanie J. Garner, Esquire
Locks Law Firm
601 Walnut Street, Suite 720E
Philadelphia, PA 19106
T: (215) 893-0100
Fax: (215) 893-3444
mgarner@lockslaw.com

**Counsel for Plaintiff**

Audrey Gariepy-Bogui, Esquire
Reed Smith LLP
1301 K Street, N.W.
Suite 1000, East Tower
T: (202) 414-9251
Fax: (202) 414-9299
agariepy@reedsmith.com

**Counsel for Shell Oil Company and Shell Oil Products US, Inc.**

BASF CORPORATION
100 Park Avenue
Florham Park, NJ 07932
c/o The Corporation Trust, Incorporated
2405 York Road, Suite 201
Lutherville Timonium, MD 21093

Matt Cairone, Esquire
The Cairone Law Firm PLLC
PMB 58
1900 Main Street, Suite 107
Cannons burg, PA 15317
T: (724) 416-3261
mcc@caironelaw.com

and

Laura Basem Jacobs, Esquire
Thomas F. Stowe, Esquire
Law Offices Budow and Noble, P.C.
Twinbrook Metro Plaza
12300 Twinbrook Parkway, Suite 540
Rockville, Maryland 20852
T: (301) 654-0896
ljacobs@budownoble.com
tstowe@budownoble.com

**Counsel for United States Steel Corporation**

VARN INTERNATIONAL, INC.
130 W. 2nd Street, Suite 1700
Dayton, OH 45402
c/o Corporation Service Company
50 West Broad Street
Suite 1330
Columbus, OH 43215

RYCOLINE PRODUCTS, INC.
5540 Northwest Highway
Chicago, IL 60630
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

SUN CHEMICAL CORPORATION,
35 Waterview Boulevard
Parsippany, NJ 07054
c/o The Corporation Trust, Incorporated
2405 York Road, Suite 201
Lutherville Timonium, MD 21093

HARCROS CHEMICALS, INC.
5200 Speaker Road
Kansas City, KS 66106
c/o The Corporation Trust, Incorporated
2405 York Road, Suite 201
Lutherville Timonium, MD 21093

PHILLIPS NORTH AMERICA LLC
200 Franklin Square Dr.
Somerset, NJ 08875
c/o CSC-Lawyers Incorporating Service
7 St. Paul Street, Suite 820
Baltimore, MD 21202

FLINT INK CORPORATION
25111 Glendale Avenue
Detroit, MI 48239
c/o The Prentice-Hall Corporation
11 East Chase Street
Baltimore, MD 21202
25111 Glendale Avenue
Detroit, MI 48239

HANDSCHY INDUSTRIES, LLC
814 Livingston Court
Marietta, GA 30067
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

T.H. AGRICULTURE AND NUTRITION,
LLC
250 W. 57th Street, Suite 901
New York, NY 10107
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

EMCO CHEMICAL DISTRIBUTORS, INC.
2100 Commonwealth Ave.
North Chicago, IL 60064
c/o Bernard A. Schlitke
330 N. Wabash, #1700
Chicago, IL 60611

GRAPHIC PACKAGING
INTERNATIONAL, LLC
814 Livingston Court
Marietta, GA 30067
c/o CSC-Lawyers Incorporating Service
7 St. Paul Street, Suite 820
Baltimore, MD 21202

FUJIFILM HUNT CHEMICALS USA, INC.
40 Boroline Road
Allendale, NJ 07401
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

11

JHB, INC.
1201 Haubert Street
Baltimore, MD 21230
c/o Donald J. Boehl, Secretary
230 Dodson Avenue
Saint Michaels, MD 21663-2126
and
c/o J. Douglas Boehl, President and
Treasurer
3145 Walker Road
Glen Rock, PA 17327-8501

_____/s/_____
Stephen S. McCloskey

B1987733.DOCX