AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | |
|---|---|
| James Coppage<br>*Plaintiff*<br>v.<br>United States Steel Corporation, et al.<br>*Defendant* | )<br>)<br>) Civil Action No. 1:18-cv-03823<br>)<br>)<br>) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Dr. Robert Herrick, 180 Wells Avenue, Suite 200, Newton, MA 02459

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 101 Arch Street, Suite 650<br>Boston, Massachusetts 02110 | Date and Time:<br>11/21/2019 9:00 am |
|---|---|

The deposition will be recorded by this method:  Stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit "A"

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/12/2019

| *CLERK OF COURT* | |
|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | OR  /s/ Laura Jacobs<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant United States Steel Corporation _____, who issues or requests this subpoena, are:
Laura Baseem Jacobs, LJacobs@budownoble.com, (301) 654-0896

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**DEFENDANT'S EXHIBIT 4**

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:18-cv-03823

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

 ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

 ☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES COPPAGE | : |
| Plaintiff | : |
| v. | : Case No.: 1:18-cv-03823-GLR |
| | : Judge George L. Russell, III |
| UNITED STATES STEEL CORPORATION, et al. | : |
| Defendants | : |

## NOTICE OF TAKING ORAL DEPOSITION DUCES TECUM

**PLEASE TAKE NOTICE** that pursuant to FRCP 30, Defendants will take the deposition of the individual listed below on the date and at the time indicated in the offices of Veritext, 101 Arch Street, Suite 650, Boston, Massachusetts 02110. Said deposition will be taken by stenographic means before an officer authorized to administer oaths. The deposition will be taken for the purpose of discovery or for any other purpose permitted under the Federal Rules of Civil Procedure.

| **Person To Be Deposed** | **Date** | **Time** |
|---|---|---|
| Dr. Robert Herrick<br>180 Wells Ave., Suite 200<br>Newton, MA 02459 | November 21, 2019 | 9:00 a.m. |

### EXHIBIT "A"

At the time of the deposition said deponent shall bring with him the following documents and/or materials:

1.  All medical records, including, but not limited to, reports, notes, health questionnaires/inventories, laboratory test results, records from other health care

providers, correspondence, diagnostic films and medical invoices, for any and all dates of service in your possession regarding **James Coppage, DOB 8/3/1942**.

2. A copy of your current or most recent curriculum vitae and bibliography.

3. The deponent's complete files regarding all work performed on behalf of Plaintiffs' attorneys. Responsive documents shall include, but are not limited to, all reports, draft reports and all other writings that the deponent has prepared, reviewed, considered, or relied upon in the course of forming the opinions he intends to offer at trial, or which relate in any way to his/her retention and work as an expert in the present case (the expert's failure to comply with this item may lead to the deposition not completing until such compliance occurs).

4. All writings which the deponent has prepared, or which have been prepared on his behalf, in connection with his/her retention as an expert in this matter.

5. All writings between the deponent, on the one hand, and any third party on the other that relate in any way to the claims asserted in this case.

6. All communications, including but not limited to e-mail, notes, retention letters, correspondence, reports, draft reports, redlines, affidavits, draft affidavits, correspondence, and faxes, between the Plaintiffs' attorneys and/or their law firm, on the one hand, and the deponent and/or his/her office on the other, that relate in any way to the case. This demand includes all responsive materials in the possession of Plaintiffs' attorneys.

7. The complete billing files relating to all work performed by the deponent in this case, including but not limited to all contracts, agreements, retention letters, statements, descriptions of work performed, spreadsheets, invoices (including invoices paid and

invoices pending), and all records or other documents that reflect the time spent by the deponent and/or his staff working on this case.

8. Any and all documents, notes or other materials the deponent relied upon or intends to rely upon for his/her expert testimony.

9. A list of all cases in which the deponent has testified, either in deposition or trial within the last four (4) years.

Respectfully submitted,

**BUDOW AND NOBLE, P.C.**

/s/
Laura Basem Jacobs, Esq., Bar # 03142
12300 Twinbrook Parkway, Suite 540
Rockville, MD 20852
(301) 654-0896 telephone
(301) 907-9591 facsimile
LJacobs@BudowNoble.com
*Counsel for Defendant United States Steel Corporation*

**THE CAIRONE LAW FIRM PLLC**

/s/
Matthew Cairone, Esq.
PMB 58
1900 Main Street, Suite 107
Canonsburg, Pennsylvania 15317
(724) 416-3261 telephone
mcc@caironelawfirm.com
*Counsel for Defendant United States Steel Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of November, 2019, a copy of the foregoing Notice of Taking Oral Deposition Duces Tecum was filed and served via the Court's CM/ECF system on:

Andrew J. DuPont, Esq.
Timothy A Burke, Esq.
Locks Law Firm
601 Walnut Street, Suite 720E
Philadelphia, PA 19106
Tel: (215) 893-0100
Fax: (215) 893-3444
tburke@lockslaw.com
adupont@lockslaw.com
**Counsel for Plaintiff James Coppage**

Stephen J. Nolan, Esq.
Smith, Gildea & Schmidt, LLC
600 Washington Avenue, Suite 200
Towson, Maryland 21204
Tel: (410) 821-0070
Fax: (410) 821-0071
snolan@sgs-law.com
Counsel for Plaintiff James Coppage

Thomas J. Cullen, Jr. Esq.
Erica W. Magliocca, Esq.
Ericka L. Downie, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, MD 21202
Tel: (410) 783-4000
Fax: (410) 783-4040
tjc@gdldlaw.com
ewm@gdldlaw.com
edownie@gdldlaw.com
**Counsel for Sun Chemical Corporation and Rycoline Products, Inc., a Division of Sun Chemical Commercial Group, a/k/a Rycoline Products, LLC, and Successor to Rogersol, Inc., and BASF Corporation**

Eric P. Weiss, Esq.
Murchison & Cumming LLP
801 South Grand Avenue, 9th Floor
Los Angeles, CA 90017
Tel: (213) 623-7400
Fax: (213 623-6336
Eweiss@murchisonlaw.com
**Counsel for Fujifilm Hunt Chemicals USA, Inc.**

Jonathan A. Singer, Esq.
Nelson Mullins Riley & Scarborough LLP
100 S. Charles Street, Suite 1200
Baltimore, MD  21201
Tel: (443) 392-9409
Fax: (443) 392-9499
Jon.singer@nelsonmullins.com
**Counsel for Fujifilm Hunt Chemicals USA, Inc.**

Jeffrey R. DeCaro, Esq.
Adam D. Perrelli, Esq.
DeCaro Doran Siciliano Gallagher & DeBlasis LLP
17251 Melford Boulevard, Suite 200
Bowie, Maryland 20715
Tel: (301) 352-4950
Fax: (301) 352-8691
jdecaro@decarodoran.com
jliskow@decarodoran.com
pmoon@decarodoran.com
aperrelli@decarodoran.com
**Counsel for T.H. Agriculture and
Nutrition, LLC and Harcros Chemicals, Inc.**

Joseph Duffy, Esq.
Morgan Lewis & Bockius LLP
300 South Grand Ave., 22nd Floor
Los Angeles, CA 90071
Tel: (213) 612-7378
Fax: (213) 612-2501
Joseph.duffy@morganlewis.com
**Counsel for Phillips North America LLC
f/k/a Philips Electronics North America
Corporation**

Steven A. Luxton, Esq.
Morgan Lewis & Bockius LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004
Tel: (202) 739-5452
Fax: (202) 739-3001
Steven.luxton@morganlewis.com
**Counsel for Phillips North America LLC f/k/a Philips Electronics North America Corporation**

Aaron A. Arthur, Esq.
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Tel: 215-963-5498
Fax: 215-963-5001
Aaron.arthur@morganlewis.com

Benjamin D. Schuman, Esq.
John R. Wellschlager, Esq.
John E. Griffith, Jr., Esq.
Darryl L. Tarver, Esq.
DLA Piper LLP
The Marbury Building - 6225 Smith Avenue
Baltimore, Maryland 21209
Tel:  (410) 580-3000
Fax: (410) 580-3001
ben.schuman@dlapiper.com
ben-schuman-8302@ecf.pacerpro.com
lauren.mullins@dlapiper.com
john.wellschlager@dlapiper.com
john.griffith@dlapiper.com
Darryl.tarver@dlapiper.com
**Counsel for BASF Corporation**

Steven Lucks, Esq.
Andrew Fishkin, Esq.
David P. Lodge
Fishkin Lucks, LLP
One Riverfront Plaza, Suite 410
Newark, NJ 07102
Tel: (215) 607-2501
Fax: (973) 536-2800
slucks@fishkinlucks.com
afishkin@fishkinlucks.com
dlodge@fishkinlucks.com
**Counsel for Ashland, LLC and Union Oil Company of California**

Damien Weinstein, Esq.
Fishkin Lucks LLP
One Riverfront Plaza, Suite 410
Newark, NJ 07102
Tel: (973) 679-4435
dweinstein@fishkinlucks.com
**Counsel for Ashland, LLC and Union Oil Company of California**

Theodore F. Roberts, Esq.
Scott M. Richmond, Esq.
Venable LLP
210 W. Pennsylvania Ave., Suite 500
Towson, MD 21204
Tel: 410.494.6344
tfroberts@Venable.com
kefox@venable.com
kmgriffin@venable.com
rdelgrosso@venable.com
smrichmond@venable.com
**Counsel for Varn International, Inc.**

Stan Perry, Esq.
Reed Smith
811 Main Street, Suite 1700
Houston, TX 77002
Tel:(713) 469-3800
Fax: (713) 469-3899
sperry@reedsmith.com
**Counsel for Shell Oil Company and Shell Oil Products US, Inc.**

Michael B. Roberts, Esq.
Reed Smith
1301 K Street, N.W., East Tower, Suite 1000
Washington, D.C. 20005
Tel: (202) 414-9288
Fax: (202) 414-9299
mroberts@reedsmith.com
**Counsel for Shell Oil Company and Shell Oil Products US, Inc.**

Audrey M. Gariepy-Bogui, Esq.
Reed Smith LLP
1301 K Street, NW
Suite 1000 – East Tower
Washington, DC 20005
Tel: 202-414-9251
Fax: 202-414-9299
agariepy@reedsmith.com
**Counsel for Shell Oil Company and Shell Oil Products US, Inc.**

Joshua M. Peles, Esq.
Reed Smith LLP
Three Logan Square, 1717 Arch Street
Suite 3100
Philadelphia, PA 19103
Tel: 215 851 8287
Fax: 215 851 1420
jpeles@reedsmith.com
**Counsel for Shell Oil Company and Shell Oil Products US, Inc.**

Kyle LeClere, Esq.
Barnes & Thornburg, LLP
11 South Meridian Street
Indianapolis, IN 46204
Tel: (317) 231-6475
Fax: (317) 231-7433
Kyle.leclere@btlaw.com
**Counsel for Flint CPS Inks North America LLC**

Matthew J. McCloskey, Esq.
Paul N. Farquharson, Esq.
Stephen Salvatore McCloskey, Esq.
Semmes, Bowen & Semmes
25 South Charles Street, Suite 1400
Baltimore, MD 21201
Tel: (410) 539-5040
Fax: 410-539-5223
Email: mmccloskey@semmes.com
pfarquharson@semmes.com
bnichols@semmes.com
smccloskey@semmes.com
kguth@semmes.com
**Counsel for Union Oil Company of California and Ashland, LLC**

Matthew Cairone, Esq.
The Cairone Law Firm PLLC
PMB 58
1900 Main Street, Suite 107
Cannonsburg, PA 15317
Tel: 724-416-3261
mcc@caironelawfirm.com
**Counsel for United States Steel Corporation**

Deborah C. Prosser, Esq.
Kutak Rock LLP
777 S. Figueroa St., Suite 4550
Los Angeles, CA  90017-5800
T: 213-312-4023
Fax: 213-312-4001
Deborah.Prosser@KutakRock.com
**Counsel for Graphic Packaging International, LLC f/k/a Graphic Packaging International, Inc., and Handschy Industries, Inc.**

Jennifer M. Blunt, Esq.
Kutak Rock LLP
1625 Eye Street, N.W., Suite 800
Washington, D.C.  20006-4061
Tel: (202) 828-2421
Fax: (202) 828-2488
Jennifer.Blunt@KutakRock.com
**Counsel for Graphic Packaging International, LLC f/k/a Graphic Packaging International, Inc., and Handschy Industries, Inc.**

Linda S. Woolf, Esq.
Constantine J. Themelis, Esq.
Goodell DeVries Leech & Dann, LLP
One South Street, 20th floor
Baltimore, MD 21202
Tel: 410-783-4000
Fax: 410-783-4040
lsw@gdldlaw.com
cthemelis@gdldlaw.com
**Counsel for Flint CPS Inks North America LLC**

Kevin Dale Rising, Esq.
Barnes and Thornburg LLP
2029 Century Park East
Suite 300
Los Angeles, CA 90067
Tel: (310) 284-3880
Fax: (310) 284-3894
Kevin.rising@btlaw.com
**Counsel for Flint CPS Inks North America LLC**

Brendan H. Fitzpatrick, Esq.
Jessica P. Butkera, Esq.
Thomas P. Bernier, Esq.
Goldberg Segalla LLP
One North Charles Street, Suite 2500
Baltimore, MD 21201
Tel: 443-615-7513
Fax: 443-615-7599
bhfitzpatrick@goldbergsegalla.com
jbutkera@goldbergsegalla.com
tbernier@goldbergsegalla.com
**Counsel for EMCO Chemical Distributors, Inc.**

                                                  /s/_____
                                          Laura Basem Jacobs, Esq., Bar # 03142
                                          Budow and Noble, P.C.
                                          Twinbrook Metro Plaza
                                          12300 Twinbrook Parkway, Suite 540
                                          Rockville, Maryland 20852
                                          (301) 654-0896 telephone
                                          (301) 907-9591 facsimile
                                          LJacobs@BudowNoble.com
                                          *Counsel for Defendant United States Steel Corporation*