IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LORENE G. BROCIOUS,** *as Personal Representative of the Estate of* **JAMES COPPAGE,** | : <br> : <br> : <br> : |
| **Plaintiff,** | : <br> :     Case No.: 1:18-cv-03823-SAG |
| v. | : <br> : |
| **UNITED STATES STEEL CORPORATION,** *et al.*, | : <br> : <br> : |
| **Defendants.** | : |

### DEFENDANTS SHELL OIL COMPANY AND SHELL OIL PRODUCTS US, INC.'S JOINDER IN DEFENDANT UNITED STATES STEEL'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT ROBERT HERRICK

Defendants Shell Oil Company and Shell Oil Products US, Inc. ("Shell"), by and through undersigned counsel, hereby join in Defendant United States Steel's Motion to Exclude Plaintiff's Expert Robert Herrick (ECF No. 153), and in so doing, incorporates by reference all of the facts, grounds, and arguments stated in that motion.

In addition to the facts, grounds, and arguments contained in United States Steel's Motion, which apply equally to Shell, Shell states the following, which are additional grounds for the exclusion of Dr. Robert Herrick specifically with respect to Shell:

Defendants deposed Dr. Herrick, Plaintiff's industrial hygiene expert, in this case on November 21, 2019. *See* relevant excerpts of the Deposition of Dr. Robert Herrick ("Herrick Dep."), attached hereto as Exhibit A. With respect to Shell, Dr. Herrick testified that:

- The exposure assessment section of his expert report did not specifically identify or contain any opinions with respect to Shell. Ex. A, Herrick Dep. 187:9-20; *see also* Expert Report of Dr. Robert Herrick ("Herrick Rep."), attached hereto as Exhibit B, at 32.

- His expert report did not differentiate Plaintiff James Coppage's ("Mr. Coppage") work from 1960 to 1961 among the different plumbing and gas station work duties Mr. Coppage performed during that time period.  Ex. A, Herrick Dep. 187:21-188:24; Ex. B, Herrick Rep. at 32; *see also* relevant excerpts of the Deposition of James Coppage ("Coppage Dep."), attached hereto as Exhibit C, at 82:13-83:12.

- His expert report did not differentiate Mr. Coppage's work from 1960 to 1961 among the three or four different gas stations and two plumbing companies where he worked during that time period.  *Id.*

- The exposure assessment calculations contained in his expert report did not account for Mr. Coppage's gas station duties that did not involve pumping gasoline, and his expert report made unsupported assumptions regarding how long each day Mr. Coppage pumped gasoline.  Ex. A, Herrick Dep. 189:1-191:21; Ex. B, Herrick Rep. at 32; Ex. C, Coppage Dep. 280:4-281:5.

Dr. Herrick did not individually assess Mr. Coppage's potential benzene exposure from any Shell product. At most, Dr. Herrick performed an assessment of Mr. Coppage's alleged exposures over a two year period by lumping together Mr. Coppage's work for various employers, including numerous plumbing companies and gas stations. However, Dr. Herrick's own deposition testimony shows that, in making the exposure calculations contained in his report, he made assumptions that were not supported by the evidence in this case.

Dr. Herrick has all but admitted that his calculations with respect to Mr. Coppage's potential benzene exposure from pumping gasoline are based on incorrect data that is directly contradicted by the evidence in this case. Accordingly, Dr. Herrick's calculations and opinions with respect to Shell fail to meet the standards articulated by *Daubert* and its progeny, and should be excluded as inaccurate, misleading, and unduly prejudicial.

WHEREFORE, for the reasons set forth above, including those contained in Defendant United States Steel's Motion to Exclude Plaintiff's Expert Robert Herrick, which Shell joins and is incorporated herein by reference, Defendants Shell Oil Company and Shell Oil Products US, Inc. respectfully request that the Motion be granted and that this Court strike Dr. Robert

Herrick as an expert and preclude him from testifying as to Mr. Coppage's cumulative exposure and from testifying as to Shell.

DATED:  November 6, 2019                    Respectfully submitted,

                                                                 **REED SMITH LLP**

                                                                */s/ Daniel Z. Herbst*
Daniel Z. Herbst, Esq. (Bar No. 17510)
REED SMITH LLP
1301 K Street, NW
Suite 1000 - East Tower
Washington, DC 20005
Telephone: 202.414.9232
Facsimile: 202.414.9299
dherbst@reedsmith.com


*/s/ Stan Perry*
Stan Perry, Esq. (admitted *pro hac vice*)
(signed by Stan Perry with permission of Daniel Z. Herbst)
REED SMITH LLP
811 Main, Suite 1700
Houston, Texas  77002
Telephone: (713) 469-3800
Facsimile: (713) 469-3899
sperry@reedsmith.com


*Counsel for Defendants Shell Oil Company and Shell Oil Products US, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this  6th  day of December, 2019, a copy of the foregoing **DEFENDANTS SHELL OIL COMPANY AND SHELL OIL PRODUCTS US, INC.'S JOINDER IN DEFENDANT UNITED STATES STEEL'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT ROBERT HERRICK** was electronically filed and served via this Court's Electronic Case Filing System (ECF) upon all counsel of record.

*/s/ Daniel Z. Herbst*
Daniel Z. Herbst, Esq. (Bar No. 17510)
REED SMITH LLP
1301 K Street, NW
Suite 1000 - East Tower
Washington, DC 20005
Telephone: 202.414.9232
Facsimile: 202.414.9299
dherbst@reedsmith.com

*Attorney for Defendants Shell Oil Company and Shell Oil Products US, Inc.*