## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LORENE G. BROCIOUS, *as Personal*     :
*Representative of the Estate of*     :
JAMES COPPAGE,     :
    :
       **Plaintiff**     :
    :        **Case No.: 1:18-cv-03823-SAG**
**v.**     :
    :        **Judge Stephanie A. Gallagher**
**UNITED STATES STEEL**     :
**CORPORATION, et al.**     :
    :
       **Defendants**     :

## DEFENDANT UNITED STATES STEEL'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE ROBERT HERRICK

Plaintiff's 19-page[1] Opposition fails to establish that Robert Herrick's opinion meets the *Daubert* standard. There remains no basis for Herrick's assumption that all three chemical solvents allegedly used by James Coppage had a 50% benzene concentration nor his assumption that Coppage used Hancolite at any of his prior employers. Plaintiff's improper attempts to supplement Herrick's report in her Opposition do not remedy this fatal deficiency, and this Court should strike Herrick as an expert and preclude him from testifying.

### I.  No Evidence Supports Herrick's Unreasonable Assumption That All Three Chemical Solvents Used At Coppage's Employers Contained 50% Benzene

Under *Daubert*, this Court must exclude an expert's opinion "when it is based on assumptions which are speculative and are not supported by the record." Tyger Constr. Co. v. Pensacola Constr. Co., 29 F.3d 137, 142 (4th Cir. 1994). Even assuming for the sake of argument that Hancolite was used at Coppage's employers, Herrick's assumption that the other two solvents,

---

[1] When an expert has solid ground for her or his opinions as to something as simple as the identification of a product used, it does not require a 19-page brief to say so.

identified as U.S. Printing Ink and Sun Chemical products[2], also contained 50% benzene is patently ridiculous. Herrick admitted "there could have been a wide range of benzene contents in those cleaners." Ex. 3 P. 131 L. 6-9.  Herrick nonetheless contradicted himself by assuming 50% benzene content simply because "it's consistent with what was going on in the practice of printing during that time period that benzene containing solvents were used." Ex. 3 P. 50 L. 1-8.  This leap of logic related to critical data renders Herrick's testimony unreliable.

Herrick's assumption that all three solvents must have had the same chemical compositions is clearly unreasonable. It is the same as saying that someone who used three different types of insulation and knew one had asbestos, can assume the other two had asbestos. It is analogous to concluding that where someone used three types of penetrating oils and one had kerosene as an ingredient, the other two oils must have had kerosene as an ingredient. It is like saying that someone who uses three different types of paint, one of which contained lead, could assume all three types of paints contained lead in the exact same percentage. Defendant could fill pages with similar examples but will spare the Court. The point is that Herrick's assumption that the other two solvents, which no witnesses nor records identified, had the exact same chemical composition as Hancolite is based on pure speculation and is unreliable. Because the accuracy of Herrick's cumulative exposure analysis is dependent on a proper estimate of the benzene content of the solvents Coppage used, Ex. 3 P. 51 L. 13-24 to P. 52 L. 1-4, this Court should strike Herrick's opinion and preclude him from testifying.

## II.   Plaintiff Blatantly Misrepresents Robert Stallings' Deposition Testimony To Support Herrick's Unreasonable Assumptions

---

[2] The flawed assumption that these two solvents contained 50% benzene is critical to Herrick's report. The testimony is that these two solvents were used more frequently than the Hanco solvent. Ex. 3 P. 30 L. 19-24 to P. 31 L. 1

Plaintiff's assertion that Stallings "identified use of Hancolite Glaze Cleaner at the Baltimore Sun and New American during years of Mr. Coppage's employment at each location" is blatantly false. Herrick and Plaintiff unashamedly twist and misleadingly quote excerpts of Stallings' testimony in an attempt to claim that Stallings identified Hancolite to support Herrick's unreasonable assumptions. However, **Stallings could not and did not identify the Hanco solvent used at his former employers by product name or product number nor did Stallings testify that the Hancolite label he was shown at his deposition was the label of the product he used**. Ex. 3 P. 22 L. 24 to P. 23 L. 1-11; P. 31 L. 10-15; P. 36 L. 23-24 to P. 37 L. 1-6.  Herrick acknowledged this testimony in his deposition and then ignored it without an explanation. Ex. 3 P. 68 L. 6-24 to P. 70 L. 1-23; P. 71 L. 21-24 to P. 72 L. 1-9. Similarly, Herrick ignored both Stallings and Coppage's testimony regarding the color of the solvents they used, stating without any basis whatsoever that both witnesses "didn't recall correctly" or were mistaken about its color. Ex. 3 P. 53 L. 15-24 to P. 55 L. 1-13. Herrick's selective use of portions of Stallings testimony while ignoring any contrary evidence "fails to satisfy the scientific method and *Daubert* standard." Barber v. United Airlines, Inc., 17 Fed. Appx. 433, 437 (7th Cir. 2001).

### III.   Plaintiff Improperly Attempts To Supplement Her Expert's Opinion Through Her Opposition In Violation Of The Federal Rules

Plaintiff's Opposition continues the improper backfilling, that started in the hours and days before Herrick's deposition when Plaintiff and Herrick provided previously unproduced file materials and notes, to fill in the gaping holes in his opinions. However, supplements to an expert's opinions are not proper when they are "poorly disguised attempts to counter [Attorney's] arguments with new expert analyses." Southern v. Bishoff, 675 Fed. Appx. 239, 249 (4th Cir. 2017) (citing EEOC v. Freeman, 778 F.3d 463, 467 n. 7 (4th Cir. 2015)); see also Gallagher v. S. Source Packaging, LLC, 568 F. Supp. 2d 624, 631 (E.D.N.C. 2008) ("Courts distinguish 'true

supplementation' (e.g. correcting inadvertent errors or omissions) from gamesmanship, and have therefore repeatedly rejected attempts to avert summary judgment by 'supplementing' an expert report with a 'new and improved' expert report.")

Here, Plaintiff's Opposition continues the pattern of supplementing Herrick's opinions in response to Defendants' arguments as she cites records from Defendant Handschy not relied on, discussed, or addressed by Herrick to support Herrick's otherwise baseless assumptions that Hancolite was used at Coppage's employers. Specifically, Plaintiff cites several documents, including Exhibit V, Exhibit H, Exhibit I, Exhibit R, Exhibit S, and Exhibit T, in her Opposition that Herrick did not cite in his report and that he did not reference during his deposition when specifically asked for the basis of his conclusion that Hancolite was used by Coppage. This Court cannot reward Plaintiff's gamesmanship, nor can it permit Plaintiff to amend her own expert's report through attorney argument in response to a Motion to Exclude. Herrick had a clear opportunity to provide the basis for his opinions in his report and his deposition, and his failure to opine as to the products used by Coppage and to adequately support his conclusions as to their benzene content do not meet the *Daubert* standard and should be struck from the Court's record.

In the event that the Court has any doubt about the thin air out of which Dr. Herrick pulls his key product identification conclusions with respect to the solvents used by Mr. Coppage, Defendant requests a hearing during which Dr. Herrick can be cross-examined and during which the holes in his opinions can be exposed.

WHEREFORE, Defendant United States Steel respectfully requests that its Motion to Exclude Herrick be granted as Herrick's opinions do not meet the *Daubert* standard and his opinions are no more than mere conjecture.

This the __23rd__ day of December 2019          Respectfully submitted,

**BUDOW AND NOBLE, P.C.**

*/s/  Laura Basem Jacobs, Esq.*
Laura Basem Jacobs, Esq., Bar # 03142
Twinbrook Metro Plaza
12300 Twinbrook Parkway, Suite 540
Rockville, Maryland 20852
(301) 654-0896 telephone
(301) 907-9591 facsimile
LJacobs@BudowNoble.com
*Counsel for Defendant United States Steel*
*Corporation*

**THE CAIRONE LAW FIRM PLLC**

*/s/  Matthew Cairone, Esq.*
Matthew Cairone, Esq.
PMB 58
1900 Main Street, Suite 107
Canonsburg, Pennsylvania 15317
(724) 416-3261 telephone
mcc@caironelawfirm.com
*Counsel for Defendant United States Steel*
*Corporation*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this __23rd_ day of December, 2019, a copy of the foregoing

Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgement on Statute of

Limitations Only was filed and served via the Court's CM/ECF system on:

Andrew J. DuPont, Esq.
Timothy A Burke, Esq.
Locks Law Firm
601 Walnut Street, Suite 720E
Philadelphia, PA 19106
Tel: (215) 893-0100
Fax: (215) 893-3444
tburke@lockslaw.com
adupont@lockslaw.com
**Counsel for Plaintiff James Coppage**

Stephen J. Nolan, Esq.
Smith, Gildea & Schmidt, LLC
600 Washington Avenue, Suite 200
Towson, Maryland 21204
Tel: (410) 821-0070
Fax: (410) 821-0071
snolan@sgs-law.com
Counsel for Plaintiff James Coppage

Thomas J. Cullen, Jr. Esq.
Erica W. Magliocca, Esq.
Ericka L. Downie, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, MD 21202
Tel: (410) 783-4000
Fax: (410) 783-4040
tjc@gdldlaw.com
ewm@gdldlaw.com
edownie@gdldlaw.com
**Counsel for Sun Chemical Corporation and Rycoline Products, Inc., a Division of Sun Chemical Commercial Group, a/k/a Rycoline Products, LLC, and Successor to Rogersol, Inc., and BASF Corporation**

Eric P. Weiss, Esq.
Murchison & Cumming LLP
801 South Grand Avenue, 9th Floor
Los Angeles, CA 90017
Tel: (213) 623-7400
Fax: (213 623-6336
Eweiss@murchisonlaw.com
**Counsel for Fujifilm Hunt Chemicals USA, Inc.**
Jonathan A. Singer, Esq.
Nelson Mullins Riley & Scarborough LLP
100 S. Charles Street, Suite 1200
Baltimore, MD  21201
Tel: (443) 392-9409
Fax: (443) 392-9499
Jon.singer@nelsonmullins.com
**Counsel for Fujifilm Hunt Chemicals USA, Inc.**

Jeffrey R. DeCaro, Esq.
Adam D. Perrelli, Esq.
DeCaro Doran Siciliano Gallagher & DeBlasis LLP
17251 Melford Boulevard, Suite 200
Bowie, Maryland 20715
Tel: (301) 352-4950
Fax: (301) 352-8691
jdecaro@decarodoran.com
jliskow@decarodoran.com
pmoon@decarodoran.com
aperrelli@decarodoran.com
**Counsel for T.H. Agriculture and
Nutrition, LLC and Harcros Chemicals, Inc.**

Joseph Duffy, Esq.
Morgan Lewis & Bockius LLP
300 South Grand Ave., 22nd Floor
Los Angeles, CA 90071
Tel: (213) 612-7378
Fax: (213) 612-2501
Joseph.duffy@morganlewis.com
**Counsel for Phillips North America LLC
f/k/a Philips Electronics North America
Corporation**

Steven A. Luxton, Esq.
Morgan Lewis & Bockius LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004
Tel: (202) 739-5452
Fax: (202) 739-3001
Steven.luxton@morganlewis.com
**Counsel for Phillips North America LLC**
**f/k/a Philips Electronics North America**
**Corporation**

Aaron A. Arthur, Esq.
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Tel: 215-963-5498
Fax: 215-963-5001
Aaron.arthur@morganlewis.com

Benjamin D. Schuman, Esq.
John R. Wellschlager, Esq.
John E. Griffith, Jr., Esq.
Darryl L. Tarver, Esq.
DLA Piper LLP
The Marbury Building - 6225 Smith Avenue
Baltimore, Maryland 21209
Tel:  (410) 580-3000
Fax: (410) 580-3001
ben.schuman@dlapiper.com
ben-schuman-8302@ecf.pacerpro.com
lauren.mullins@dlapiper.com
john.wellschlager@dlapiper.com
john.griffith@dlapiper.com
Darryl.tarver@dlapiper.com
**Counsel for BASF Corporation**

Steven Lucks, Esq.
Andrew Fishkin, Esq.
David P. Lodge
Fishkin Lucks, LLP
One Riverfront Plaza, Suite 410
Newark, NJ  07102
Tel: (215) 607-2501
Fax: (973) 536-2800
slucks@fishkinlucks.com
afishkin@fishkinlucks.com
dlodge@fishkinlucks.com
**Counsel for Ashland, LLC and Union Oil Company of California**

Damien Weinstein, Esq.
Fishkin Lucks LLP
One Riverfront Plaza, Suite 410
Newark, NJ 07102
Tel: (973) 679-4435
dweinstein@fishkinlucks.com
**Counsel for Ashland, LLC and Union Oil Company of California**

Theodore F. Roberts, Esq.
Scott M. Richmond, Esq.
Venable LLP
210 W. Pennsylvania Ave., Suite 500
Towson, MD  21204
Tel: 410.494.6344
tfroberts@Venable.com
kefox@venable.com
kmgriffin@venable.com
rdelgrosso@venable.com
smrichmond@venable.com
**Counsel for Varn International, Inc.**

Stan Perry, Esq.
Reed Smith
811 Main Street, Suite 1700
Houston, TX 77002
Tel:(713) 469-3800
Fax: (713) 469-3899
sperry@reedsmith.com
**Counsel for Shell Oil Company and Shell**
**Oil Products US, Inc.**

Michael B. Roberts, Esq.
Reed Smith
1301 K Street, N.W., East Tower, Suite 1000
Washington, D.C. 20005
Tel: (202) 414-9288
Fax: (202) 414-9299
mroberts@reedsmith.com
**Counsel for Shell Oil Company and Shell**
**Oil Products US, Inc.**

Daniel Zev Herbst, Esq.
Reed Smith LLP
1301 K Street, NW
Suite 1000 – East Tower
Washington, DC 20005
Tel: 202-414-9251
Fax: 202-414-9299
agariepy@reedsmith.com
**Counsel for Shell Oil Company and Shell**
**Oil Products US, Inc.**

Joshua M. Peles, Esq.
Reed Smith LLP
Three Logan Square, 1717 Arch Street
Suite 3100
Philadelphia, PA 19103
Tel:  215 851 8287
Fax: 215 851 1420
jpeles@reedsmith.com
**Counsel for Shell Oil Company and Shell
Oil Products US, Inc.**

Kyle LeClere, Esq.
Barnes & Thornburg, LLP
11 South Meridian Street
Indianapolis, IN 46204
Tel: (317) 231-6475
Fax: (317) 231-7433
Kyle.leclere@btlaw.com
**Counsel for Flint CPS Inks North America LLC**

Matthew J. McCloskey, Esq.
Paul N. Farquharson, Esq.
Stephen Salvatore McCloskey, Esq.
Semmes, Bowen & Semmes
25 South Charles Street , Suite 1400
Baltimore, MD 21201
Tel: (410) 539-5040
Fax: 410-539-5223
Email: mmccloskey@semmes.com
pfarquharson@semmes.com
bnichols@semmes.com
smccloskey@semmes.com
kguth@semmes.com
**Counsel for Union Oil Company of California and Ashland, LLC**

Matthew Cairone, Esq.
The Cairone Law Firm PLLC
PMB 58
1900 Main Street, Suite 107
Cannonsburg, PA 15317
Tel: 724-416-3261
mcc@caironelawfirm.com
**Counsel for United States Steel Corporation**

Deborah C. Prosser, Esq.
Kutak Rock LLP
777 S. Figueroa St., Suite 4550
Los Angeles, CA  90017-5800
T: 213-312-4023
Fax: 213-312-4001
Deborah.Prosser@KutakRock.com
**Counsel for Graphic Packaging International, LLC f/k/a Graphic Packaging International, Inc., and Handschy Industries, Inc.**

Jennifer M. Blunt, Esq.
Kutak Rock LLP
1625 Eye Street, N.W., Suite 800
Washington, D.C.  20006-4061
Tel: (202) 828-2421
Fax: (202) 828-2488
Jennifer.Blunt@KutakRock.com
**Counsel for Graphic Packaging International, LLC f/k/a Graphic Packaging International, Inc., and Handschy Industries, Inc.**

Linda S. Woolf, Esq.
Constantine J. Themelis, Esq.
Goodell DeVries Leech & Dann, LLP
One South Street, 20th floor
Baltimore, MD  21202
Tel: 410-783-4000
Fax: 410-783-4040
lsw@gdldlaw.com
cthemelis@gdldlaw.com
**Counsel for Flint CPS Inks North America LLC**

Kevin Dale Rising, Esq.
Barnes and Thornburg LLP
2029 Century Park East
Suite 300
Los Angeles, CA  90067
Tel: (310) 284-3880
Fax: (310) 284-3894
Kevin.rising@btlaw.com
**Counsel for Flint CPS Inks North America LLC**

Brendan H. Fitzpatrick, Esq.
Jessica P. Butkera, Esq.
Thomas P. Bernier, Esq.
Goldberg Segalla LLP
One North Charles Street, Suite 2500
Baltimore, MD 21201
Tel: 443-615-7513
Fax: 443-615-7599
bhfitzpatrick@goldbergsegalla.com
jbutkera@goldbergsegalla.com
tbernier@goldbergsegalla.com
**Counsel for EMCO Chemical Distributors, Inc.**

_____/s/_____
Laura Basem Jacobs, Esq., Bar # 03142
Budow and Noble, P.C.
Twinbrook Metro Plaza
12300 Twinbrook Parkway, Suite 540
Rockville, Maryland 20852
(301) 654-0896 telephone
(301) 907-9591 facsimile
LJacobs@BudowNoble.com
_Counsel for Defendant United States Steel_
_Corporation_