# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LORENE G. BROCIOUS,** *as Personal Representative of the Estate of* **JAMES COPPAGE,** | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Case No. 1:18-cv-03823-SAG |
| **UNITED STATES STEEL CORP.,** *et al.*, | * * | |
| Defendants. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION

This case involves products liability claims brought against various manufacturers of benzene and benzene-containing products. The original Complaint was filed by James Coppage, Jr. ("Coppage"), who alleged that he had developed cancer as a result of prolonged benzene exposure. ECF 1-2. Coppage unfortunately died from his illness in July, 2019, and his daughter, Plaintiff Lorene G. Brocious, was substituted as Plaintiff in her capacity as Personal Representative of the Estate of James Coppage, Jr. ("Brocious") in November, 2019. ECF 143. Coppage's claims for negligence and gross negligence, breach of warranty, strict liability, intentional tort, and fraudulent misrepresentation became survival actions on behalf of Coppage's estate. [1] Currently pending is Brocious's motion for leave to file a second amended complaint or, in the alternative, to remand the case to state court ("the Motion"). ECF 151. This Court has reviewed the Motion, the accompanying memorandum of law, ECF 151-1, and the opposition filed jointly by multiple Defendants. ECF 159. No hearing is necessary. *See* Loc. R. 105.8 (D. Md. 2018). For the reasons

---

[1] On December 19, 2019, this Court granted summary judgment as to the breach of warranty claim, because the claim is barred by the statute of limitations. ECF 171.

1

that follow, Brocious's Motion for Leave to Amend is granted, and the case is remanded to state court.

I. PROCEDURAL AND FACTUAL BACKGROUND

In 2018, Coppage filed his Complaint in the Circuit Court for Baltimore City, alleging that he had developed cancer from his exposure to products sold and manufactured by Defendants. ECF 1-2. The Defendant companies, all of whom are residents of states other than Maryland, removed the action to this Court, citing diversity jurisdiction. ECF 1. Coppage unsuccessfully sought remand to state court. *See* ECF 97 (denying emergency motion to remand).

As noted above, Coppage passed away in July, 2019. On November 1, 2019, Brocious formally substituted as Plaintiff in the litigation. ECF 143. However, on August 26, 2019, Brocious's counsel had emailed a proposed Second Amended Complaint to all counsel. ECF 151-2 at 3. The proposed Second Amended Complaint added allegations regarding Coppage's death, and added a wrongful death action naming both Brocious and her brother, Robert Coppage, as co-plaintiffs. *Id.* Subsequently, Robert Coppage decided he did not wish to pursue a wrongful death claim. *Id.* Brocious circulated another draft Second Amended Complaint in October, 2019, which named Brocious as the sole plaintiff in the wrongful death count. *Id.* This time, several Defendants expressly declined to consent to its filing, because a "wrongful death claim is required to include all potential primary beneficiaries as necessary parties pursuant to Md. Cts. & Jud. Proc. §3-904(f)," which would preclude Brocious from filing her wrongful death claim without including Robert Coppage. *Id.* at 1.

To accommodate that concern, on November 26, 2019, Brocious filed the instant Motion, in which she formally seeks to file the Second Amended Complaint to add a wrongful death count, naming herself and Robert Coppage as co-Plaintiffs. ECF 151. Robert Coppage is a resident of

Delaware, as are many of the Defendant corporations. *See, e.g.,* ECF 151-6 ¶¶ 3.2, 10a, 10b, 10d, 10e. Accordingly, the inclusion of Robert Coppage as a Plaintiff would defeat complete diversity of citizenship, and would require remand of the case to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## II. LEGAL STANDARD

In a diversity case, the Court applies federal procedural rules. *See, e.g.*, *Chartis Prop. Cas. Co. v. Huguely*, 243 F. Supp. 3d 615, 622 (D. Md. 2017). Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Delay alone is not sufficient reason to deny leave to amend. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). Rather, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *see also Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

## III. ANALYSIS

Defendants argue two of the three possible justifications for denying a motion for leave to amend. First, they contend that they will be prejudiced by the amendment. Second, while Defendants do not use the term "bad faith," they suggest that Brocious is engaged in "simply

3

another attempt at manufacturing a basis to remand this case to state court." ECF 159 at 4.  The Court will address each argument in turn.

### A. Prejudice

Prejudice is "[p]erhaps the most important factor" to consider in ruling on a motion for leave to amend a complaint. *Class Produce Group, LLC v. Harleysville Worcester Ins. Co.*, No. SAG-16-3431, 2018 WL 5785664, at *3 (D. Md. Nov. 5, 2018) (quoting WRIGHT, MILLER, & KANE, *supra*, § 1487). Prejudice is "often determined by the nature of the amendment and its timing." *Laber*, 438 F.3d at 427. An amendment can cause undue prejudice when it "raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party [and] . . . the amendment is offered shortly before or during trial." *Johnson*, 785 F.2d at 510 (citations omitted). Conversely, a proposed amendment carries little prejudice "if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Laber*, 438 F.3d at 427 (citing *Davis*, 615 F.2d at 613).

This case falls somewhere between those two examples. The case is not close to trial. The dispositive motions deadline has been postponed indefinitely, ECF 174, and no trial date has been set. As the Fourth Circuit explained in *Scott v. Family Dollar Stores, Inc.*, "[A]lthough prejudice can result where a new legal theory is alleged if it would entail additional discovery and evidentiary burdens on the part of the opposing party, this 'basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial.'" 733 F.3d 105, 118-19 (4th Cir. 2013) (quoting *Johnson*, 785 F.2d at 510). While that is not the case here, the discovery deadline has passed, along with the court-imposed deadline for amendment of pleadings. ECF 106.

Given that diversity jurisdiction will be defeated if amendment is permitted, this Court must also "consider all relevant factors, including: the extent to which the purpose of the

amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Mayes v. Rapoport,* 198 F.3d 457, 463 (4th Cir. 1999). Looking closely at Brocious's actions here, it is clear that the purpose of her proposed amendment is not to defeat federal jurisdiction. When Brocious originally broached the possibility of adding a wrongful death claim shortly after her father's death, she planned to include her brother as a plaintiff. ECF 151-2. However, once her brother expressed some reluctance to participate, Brocious requested that Defendants consent to a version of the Second Amended Complaint that did not name Robert Coppage, and would not have defeated diversity. *Id.* Only after Defendants expressed an unwillingness to consent, because they viewed Robert Coppage as a necessary party, did Brocious file the instant motion. *Id.* Thus, the inclusion of Robert Coppage is (1) at the request of Defendants and (2) required by Maryland law to bring a viable wrongful death claim, and is not a mere device being employed by Brocious to force remand to state court.

Although the confusion over whether or not Robert Coppage would be included appears to have engendered several months' delay in Brocious's pursuit of leave to amend the complaint, any prejudice to Defendants can be ameliorated by a simple adjustment to the schedule. As noted above, there is no trial date and no current deadline for dispositive motions. There is a pending motion to exclude one of Brocious's expert witnesses, ECF 153, which can be addressed in the state court. Moreover, very limited additional discovery will be required in light of the wrongful death claim, presumably focusing on the particularized harm to Coppage's children. The remaining evidence relevant to Defendants' liability for the wrongful death claim is identical to that relevant to the existing survival claims. Accordingly, none of the discovery or motions practice that has occurred to date will go to waste if the motion for leave to amend is granted.

5

By contrast, there will be significant injury to Brocious if amendment is disallowed. Plaintiffs should not be forced to litigate near-identical claims, arising from an identical set of facts, in two separate lawsuits in two separate fora. The equities, then, weigh in favor of addressing the related claims in a single action, and simple schedule adjustments can prevent any prejudice to Defendants.

### B. Bad Faith

Courts typically find that a party acts in bad faith in bringing a motion for leave to amend when the amendment fails to "advance a colorable legal argument." *McCall-Scovens v. Blanchard*, No. ELH-15-3433, 2016 WL 6277668, at *8 (D. Md. Oct. 27, 2016); *see Peamon v. Verizon Corp.*, 581 F. App'x 291, 292 (4th Cir. 2014) (per curiam) (finding that a party acted in bad faith by seeking leave to amend "to artificially inflate his damages in order to obtain subject matter jurisdiction"). Furthermore, the earlier in the case the motion for leave to amend is brought, the less likely it is that the motion is brought in bad faith. *See Laber*, 438 F.3d at 427.

For the reasons described above, this Court rejects Defendants' contention that Brocious seeks to add her brother as a plaintiff solely to manufacture a basis for remand. That argument is belied by Brocious's actions, which reflect her appropriate and understandable desire to litigate the survival action and the wrongful death action, against the same group of Defendants, in a single lawsuit. Brocious's delay in seeking leave to amend is in part attributable to her father's death after the deadline for amendment of pleadings, and in part due to uncertainty over her brother's willingness to participate in the lawsuit. On the facts presented, the Court finds no indicia of bad faith.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Leave to Amend, ECF 151, is GRANTED. Because this Court will be deprived of subject matter jurisdiction once the Second Amended Complaint is filed, the case will be remanded to the Circuit Court for Baltimore City, Maryland for further adjudication. A separate Order is filed herewith.

Dated: January 22, 2020

/s/
Stephanie A. Gallagher
United States District Judge